**The STATE of Ohio, Appellee,**

v.

**TURK, Appellant.**

[Cite as *State v. Turk* (1990), 70 Ohio App.3d 224.]

Court of Appeals of Ohio,
Medina County.

No. 1903.

Decided Nov. 7, 1990.

*John Lohn,* Prosecuting Attorney, for appellee.

*L. Ray Jones,* for appellant.

EDWARD J. MAHONEY, Judge.

The question presented in this case is whether the defendant was operating a motor vehicle when he was found asleep in a motor vehicle, lying across the front seat, with his legs on the driver's side and the engine running. We hold that the defendant was operating a motor vehicle and, therefore, we affirm.

The appellant, Robert E. Turk, was charged with violating (1) R.C. 4511.-19(A)(1), operating a motor vehicle while under the influence of alcohol, and (2) R.C. 4511.19(A)(3), operating a motor vehicle with a prohibited breath-alcohol content.

Turk filed a motion to suppress, contending that the arresting officer, Sheriff's Deputy James L. Cartwright, lacked probable cause to arrest Turk. The trial court denied the motion. Turk pleaded no contest to the charge of driving while under the influence of alcohol. Turk appeals from the trial court's determination that Cartwright had probable cause to arrest him.

For his sole assignment of error, Turk says:

"The court erred in finding that the defendant was operating a motor vehicle, wherein defendant is found asleep in a motor vehicle while laying [sic] across the front seat even though his feet are on the driver's side and the engine is running."

R.C. 4511.01(Y) defines "operator" as " * * * every person who drives or is in actual physical control of a vehicle * * *."

"Operation of a motor vehicle" within contemplation of R.C. 4511.-19(A)(1) is a broader term than mere driving. A person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol can be found in violation of R.C. 4511.19(A)(1). *State v. Cleary* (1986), 22 Ohio St.3d 198, 199, 22 OBR 351, 351–352, 490 N.E.2d 574, 575.

In the case *sub judice,* Cartwright observed Turk somewhat behind the wheel of his truck, slumped over and asleep. The engine was running, and the truck was facing toward the road. Turk was lying across the front seat toward the passenger side with his legs on the driver's side.

Although Turk was asleep and not physically seated in the driver's seat, we do not find error in the trial court's finding of probable cause, because the engine was running, and Turk was in a position in which he could cause the truck to move. Turk had actual physical control of the truck.

The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and CIRIGLIANO, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.