[Cite as *State v. Robertson*, 2014-Ohio-5389.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.    13CA010395 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAUL T. ROBERTSON, JR. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    11CR082923 |

DECISION AND JOURNAL ENTRY

Dated: December 8, 2014

CARR, Judge.

**{¶1}** Appellant, Paul Robertson, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

**{¶2}** This matter arises out of a traffic accident that occurred in Lorain, Ohio, on May 13, 2011. The Lorain County Grand Jury indicted Robertson on two counts of operating a vehicle under the influence of alcohol ("OVI"), one count of driving under suspension, and one count of obstructing official business. Robertson pleaded not guilty to the charges at arraignment. After Robertson waived his right to a jury trial, the matter proceeded to a bench trial. Though Robertson was found not guilty of driving under suspension, he was found guilty of both OVI counts as well as the count of obstructing official business. In addition to receiving a $1350 fine, Robertson was sentenced to 60 days in jail, a three-year community control term, and he received a lifetime driver's license suspension.

**{¶3}** On appeal, Robertson raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO ACQUIT UNDER CRIM.R. 29 BECAUSE THE STATE'S EVIDENCE WAS INSUFFICIENT TO PROVE THAT APPELLANT COMMITTED OVI.

**{¶4}** In his first assignment of error, Robertson contends that the trial court erred in denying his Crim.R. 29 motion for acquittal. Specifically, Robertson argues that the State never demonstrated that he operated the vehicle involved in the accident. This Court disagrees.

**{¶5}** Crim.R. 29(A) provides:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶6}** "We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence." *State v. Thomas*, 9th Dist. Summit No. 27090, 2014-Ohio-2166, ¶ 21, quoting *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 23. When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶7}     Robertson was convicted of two counts of operating a vehicle under the influence of alcohol.  Specifically, Robertson was convicted pursuant to R.C. 4511.19(A)(1)(a), which states, "No person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol[.]"  Robertson was also convicted under R.C. 4511.19(A)(2), which states:

> No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:
>
> (a) Operate any vehicle * * * within this state while under the influence of alcohol[;]
>
> (b)  Subsequent to being arrested for operating the vehicle * * * as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under [R.C. 4511.191], and being advised by the officer in accordance with [R.C. 4511.192] of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

R.C. 4511.01(HHH) defines "operate" as "to cause or have caused movement of a vehicle, streetcar, or trackless trolley."

{¶8}     The State presented the following evidence regarding the incident that occurred on the evening of May 13, 2011.  As Roger Aliff was exiting the parking lot of the 7-Eleven on Leavitt Rd. in Lorain, he looked across the street and spotted a car that had driven off the road and was stuck in a ditch.  The front end of the vehicle had plummeted into the ditch and the backend was up in the air.  Aliff noticed the car because it had activated its flashers.  Aliff called the police department to report the accident and began to approach the vehicle.  As he got closer, Aliff heard someone "gunning the engine as if [they were] trying to get out of the ditch."  When Aliff opened the driver's side door, the only person in the vehicle was Robertson.  Aliff testified that "this man was kind of like laying in between the front seat and the back seat and the car smelled of alcohol."  Aliff further explained that while a portion of Robertson's body

was in the back seat, "his feet [were] like still [] facing the steering wheel[.]" At Aliff's request, Robertson removed the keys from the ignition and handed them to Aliff. Because Robertson appeared to be hurt, Aliff proceeded to assist Robertson in extracting himself from the vehicle. When Robertson had successfully exited the vehicle, he told Aliff that he intended to run.

{¶9}    As the police began to arrive, Robertson staggered away from the scene. Aliff pointed the police in the direction that Robertson had fled and provided a brief description of Robertson's clothing. Officers Orlando Perez and Jarrod Nighswander gave chase on foot. Robertson was severely intoxicated and the police were able to apprehend him in a residential neighborhood approximately two blocks from the scene of the accident. The officers attempted to speak with Robertson but he was belligerent and non-cooperative. Though the officers observed that Robertson smelled of alcohol and had slurred speech, they were unable to administer field sobriety tests because Robertson was screaming and acting out violently. Police were forced to use a restraint chair in order to transport Robertson at the jail because he forced his body to go limp. Officer Perez testified that when they attempted to administer field sobriety tests, Robertson responded by yelling, "F*** you."

{¶10}  The facts presented during the State's case-in-chief were sufficient to withstand the Crim.R. 29 motion as a reasonable trier of fact could infer that Robertson was the driver of the vehicle. Robertson was the only known occupant of a car that crashed into a ditch. Aliff specifically testified that he did not see anyone leave the scene of the accident, and that the keys were still in the ignition when he reached the vehicle. As Aliff approached the scene, he heard the individual inside the vehicle "gunning the engine." The Supreme Court of Ohio has held that a person under the influence of alcohol in the driver's position in the front seat of the vehicle with the key in the ignition and the engine running can be found in violation of R.C.

4511.19(A). *State v. Cleary*, 22 Ohio St.3d 198 (1986). Though Robertson was found on the floor of the vehicle, a reasonable trier of fact could infer that, as the sole occupant in the vehicle, Robertson was in the driver's position prior to the crash. Moreover, after Aliff assisted Robertson in exiting the vehicle, Robertson proceeded to flee the scene. *State v. Nichols*, 9th Dist. Summit No. 24900, 2010-Ohio-5737, ¶ 11, quoting *State v. Taylor*, 78 Ohio St.3d 15, 27 (1997) ("It is an established principle of law that '[f]light from justice * * * may be indicative of a consciousness of guilt.'"). This evidence, when viewed in the light most favorable to the State, was sufficient to withstand Robertson's motion for acquittal.

{¶11} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF OVI BASED ON HIS ACTIONS AS A MOTOR VEHICLE PASSENGER.

{¶12} In his second assignment of error, Robertson argues that he should not have been convicted of OVI because knocking a cigarette out of the driver's hand does not constitute operating a vehicle as defined by R.C. 4511.01(HHH). This Court agrees.

{¶13} After the State concluded its case-in-chief, the defense presented testimony portraying a much different version of events. Rochelle Taylor was the first witness to testify on behalf of the defense. Robertson and Taylor have two children in common. During her testimony, Taylor explained that she was driving the vehicle at the time of the accident. She and Robertson were at a friend's house prior to the accident where Robertson became heavily intoxicated. Robertson was in no condition to drive and Taylor gave Robertson a ride home. While en route to Robertson's apartment, Taylor and Robertson became engulfed in a heated argument. In the midst of the quarrel, Robertson flicked a cigarette out of Taylor's hand and it came to rest between her legs. Taylor veered off the road and crashed her car in the ditch behind

the police substation on Leavitt Rd. After the crash, Taylor turned on her emergency lights and began to walk to her sister's house where she hoped to contact AAA. Robertson also testified on his own behalf and offered similar testimony at trial. Though Robertson admitted to being "highly intoxicated" and knocking the cigarette out of Taylor's hand, he indicated that Taylor was operating the vehicle and he was merely a passenger.

{¶14} Before rendering a verdict, the trial court made several factual findings on the record. Most notably, the trial court found that Taylor's testimony was credible, and that it was Taylor, and not Robertson, who was driving the vehicle at the time the accident occurred. The trial court indicated that the defense witnesses "filled in the blanks for that period of time in which none of the officers or [Aliff] knew anything about." The trial court then asked the attorneys to brief the issue of whether Robertson could be convicted of OVI given his actions as a passenger. After briefing the issue, the parties again appeared before the trial court. At that time, the trial court found that Robertson's actions as a passenger were akin to operating the vehicle in a manner prohibited by the law. In reaching this conclusion, the trial court relied on the First District's decision in *State v. Wallace*, 166 Ohio App.3d 845, 2006-Ohio-2477.

{¶15} In *Wallace*, the court addressed the question of whether the definition of "operate" in R.C. 4511.01(HHH) may apply to an intoxicated passenger who causes the driver to lose control of the vehicle. In that case, the front-seat passenger reached over and grabbed hold of the steering wheel, causing the car to crash. Prior to the enactment of Sub.S.B. No. 123, effective January 1, 2004, the meaning of the term "operate" for the purposes of R.C. 4511.19(A) was strictly a matter of judicial interpretation. *Id*. at ¶ 8. During that time, the case law dealt almost exclusively with persons under the influence of alcohol who were found in the driver's seat or slumped over the steering wheel. *Id*. at ¶ 10. In enacting R.C. 4511.01(HHH), the

General Assembly specifically defined operate to mean "to cause or have caused movement of a vehicle * * *." *Id*. at ¶ 11. The First District recognized that "From the plain meaning of R.C. 4511.01(HHH), there is no suggestion that the General Assembly intended to limit operating offenses to drivers. Rather, the General Assembly's expansion of the definition of 'operate' to include anyone who causes movement of a vehicle is consistent with the Supreme Court's view that '[a] clear purpose of R.C. 4511.19 is to discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated.'" *Id*. at ¶ 12, quoting S*tate v. Gill*, 70 Ohio St.3d 150, 154 (1994); *Columbus v. Freeman*, 181 Ohio App.3d 320, 2009-Ohio-1046, (10th Dist.), ¶ 17 (holding that a front-seat passenger's act of grabbing the steering wheel was sufficient to constitute operation as defined by R.C. 4511.01(HHH)); *but see Schmucker v. Kurzenberger*, 9th Dist. Wayne No. 10CA0045, 2011-Ohio-3741, at ¶ 11-13 (distinguishing the meaning of the term "operate" in a civil context).

{¶16} Although we agree that a passenger can cause the movement of a motor vehicle for the purposes of R.C. 4511.19, we are unwilling to equate the act of grabbing a steering wheel to the conduct at issue here. The mere act of knocking a cigarette out of the driver's hand is too remote to constitute operation. *Wallace* involved a situation where, "[u]nder the undisputed facts, Wallace's conduct caused movement of the vehicle and the driver's loss of control when she grabbed the steering wheel and caused the vehicle to crash." *Wallace* at ¶ 15. While grabbing the steering wheel of a vehicle in motion is an act directly aimed at causing the vehicle to move, the act of knocking a cigarette out of the driver's hand is far more removed as it pertains to the operation of the vehicle. We see a clear distinction from the conduct at issue in *Wallace* and *Freeman*, where the front-seat passenger took hold of the steering wheel, and Robertson's conduct in the instant case. Here, Robertson had no intention of causing the vehicle

to move and his actions were, at worst, aimed at dislodging the cigarette from Taylor's hand. It follows that Robertson's behavior did not constitute operating a vehicle as defined by R.C. 4511.01(HHH). Given the specific findings of fact made in this case, the trial court erred in concluding that Robertson was operating the vehicle pursuant to R.C. 4511.19(A).

{¶17} Robertson's second assignment of error is sustained.

III.

{¶18} Robertson's first assignment of error is overruled. The second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.