[Cite as *State v. Breucker*, 2021-Ohio-31.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

CHAD BREUCKER

    Appellant

C.A. No.     18CA0105-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    17TRC04618

DECISION AND JOURNAL ENTRY

Dated: January 11, 2021

TEODOSIO, Judge.

{¶1}  Defendant-Appellant, Chad Breucker, appeals from the judgment of the Wadsworth Municipal Court.  This Court affirms.

I.

{¶2}  While out on patrol, Officer Seth Petit received a dispatch regarding a motorized vehicle crash between a dirt bike and a snowmobile.  He quickly arrived on scene, whereupon he found Mr. Breucker attempting to push a snowmobile up the middle of the street.  No one else was in the area, and no snow was on the ground.

{¶3}  Mr. Breucker initially declined to identify himself and gave varying explanations when Officer Petit asked him how the snowmobile came to be in the street.  He initially claimed to have rolled it down the street from his house, but later said that another man had driven it down the street before running off.  The officer detected a strong odor of alcohol on Mr. Breucker's breath and suspected that he had operated the snowmobile while intoxicated.  He, therefore, asked

Mr. Breucker to submit to field sobriety testing. After he observed multiple clues on each of the tests he conducted, he arrested Mr. Breucker.

{¶4} Mr. Breucker was charged with one count of operating a vehicle while intoxicated ("OVI") and one count of improperly operating a snowmobile, a minor misdemeanor. A trial was held, with a jury hearing the OVI count and the court hearing the minor misdemeanor count. At the conclusion of trial, the jury hung on the OVI count, and the court found Mr. Breucker guilty of improperly operating a snowmobile. The court sentenced him on the minor misdemeanor and set the matter for a retrial on the OVI count.

{¶5} Mr. Breucker requested a bench trial for the retrial on his OVI count, and a different judge presided over the trial. The second judge found him guilty of OVI and, in doing so, adopted the first judge's determination that he had improperly operated a snowmobile on the street. The court sentenced Mr. Breucker on his OVI count, but stayed the execution of his sentence for purposes of his appeal.

{¶6} Mr. Breucker now appeals from the trial court's judgment and raises two assignments of error for our review. Because his assignments of error are interrelated, we consolidate them for purposes of our decision.

II.

**ASSIGNMENT OF ERROR I**

THE VERDICT OF GUILTY IN THIS CAUSE (sic) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS UNSUPPORTED BY RELIABLE, PROBATIVE EVIDENCE. NOR WAS THERE SUFFICIENT EVIDENCE PRESENTED BY THE STATE TO PROVE THAT EACH AND EVERY ELEMENT OF THE OFFENSE HAD BEEN COMMITTED; THEREFORE, THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE U.S. CONSTITUTION, AMENDMENTS XIV AND V.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN BASING ITS RULING OF GUILTY OF OVI, AT LEAST IN PART, ON THE FORMER TRIAL JUDGE'S RULING THAT THE APPELLANT WAS GUILTY OF OPERATING A SNOWMOBILE ON THE STREETS OF WADSWORTH PER SECTION 75.08 OF THE CITY OF WADSWORTH MUNICIPAL CODE.

{¶7} In his first assignment of error, Mr. Breucker argues that his OVI conviction is based on insufficient evidence and is against the manifest weight of the evidence because the State failed to prove the element of operation. In his second assignment of error, he argues that the trial court abused its discretion when it relied on a prior judicial determination (i.e., that he improperly operated a snowmobile) as evidence of his operation of the snowmobile for purposes of his OVI count. For the following reasons, this Court rejects his arguments.

{¶8} Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "Sufficiency concerns the burden of production and tests whether the prosecution presented adequate evidence for the case to go to the jury." *State v. Bressi*, 9th Dist. Summit No. 27575, 2016-Ohio-5211, ¶ 25, citing *Thompkins* at 386. "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. However, "we do not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact." *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio-73, ¶ 10.

{¶9} A sufficiency review requires an appellate court to "consider all evidence admitted at trial, including [any] improperly admitted evidence * * *." *State v. Gideon*, Slip Opinion No. 2020-Ohio-6961, ¶ 29. If, taking all the evidence into consideration, an appellate court concludes

that the State failed to "establish a defendant's guilt beyond a reasonable doubt, [it] must vacate the conviction and double-jeopardy protection bars the defendant's retrial for the same offense." *Id.* If the appellate court concludes that the State succeeded in establishing the defendant's guilt, but only by referring to improperly admitted evidence, it must vacate the defendant's conviction and remand the matter for a new trial. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 14-26. *Accord State v. Dixon*, 9th Dist. Medina Nos. 11CA0065-M, 11CA0087-M, 2012-Ohio-4428, ¶ 17. Finally, if the appellate court concludes that the State set forth sufficient evidence of a defendant's guilt, independent of any improperly admitted evidence, then any error in the admission of that evidence is harmless beyond a reasonable doubt and "reversal is unwarranted." *State v. Tillman*, 119 Ohio App.3d 449, 460 (9th Dist.1997). *Accord State v. Glass*, 9th Dist. Lorain No. 96CA006315, 1996 WL 659362, *4 (Nov. 13, 1996).

{¶10} The OVI statute prohibits any person from operating a vehicle if, "at the time of the operation, * * * [t]he person is under the influence of alcohol * * *." R.C. 4511.19(A)(1)(a). The State may prove operation "by offering direct or circumstantial evidence that [the defendant] was either presently causing the vehicle to move or had caused it to move in the past." *State v. Payne*, 9th Dist. Lorain No. 18CA011383, 2019-Ohio-4218, ¶ 13. *See also* R.C. 4511.01(HHH). Circumstantial evidence from which a trier of fact may infer operation includes the location of the vehicle, a defendant's status in relation to the vehicle, and the absence of other individuals in the same area. *See State v. Zentner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 17-18. *See also State v. Robertson*, 9th Dist. Lorain No. 13CA010395, 2014-Ohio-5389, ¶ 10 (operability proven where defendant was found on floor of vehicle that had crashed into ditch and was the vehicle's only known occupant).

{¶11} Officer Petit testified that he was patrolling the area of Seville Road near Route 57 when dispatch notified him that there had been a collision between a dirt bike and a snowmobile. He quickly arrived at the scene of the crash because he was only about a quarter mile away from it. As he turned onto Dalton Drive from State Street, he observed a man attempting to push a snowmobile up Dalton Drive. The man, later identified as Mr. Breucker, was the only individual in the area.

{¶12} As soon as Officer Petit began speaking with Mr. Breucker, he detected a strong odor of alcohol. He asked Mr. Breucker for his identification, but Mr. Breucker initially claimed not to have it. Only after Officer Petit patted him down and felt his wallet did Mr. Breucker admit that his identification was inside. Further, he gave inconsistent responses when asked how the snowmobile came to be in the middle of the road. First, he claimed that he had pushed the snowmobile from his house down the street on rollers. He denied that it had been driven, that there had been a collision, or that anyone else had been with him. Officer Petit then stressed to him that a 911 caller had seen the snowmobile collide with another vehicle. He also stressed the fact that there were visible scratch marks from the snowmobile in the street. As Officer Petit repeatedly confronted Mr. Breucker with that evidence, Mr. Breucker changed his story. He claimed that a group of friends had come back to his house after a party and one of them had ridden the snowmobile down the street before ditching it. Mr. Breucker said the individual was "a mutual friend of a friend" who he knew as "Brad from * * * Wadsworth." He claimed that Brad had walked to his house and "took off" after riding the snowmobile down the street. He fervently denied that he had driven the snowmobile. He later indicated, however, that he would be willing to admit he had done so if Officer Petit would just let him pay a fine and return home.

{¶13} The State played Officer Petit's dashcam recording as part of its case-in-chief. The recording showed Mr. Breucker trying to push a snowmobile down Dalton Drive by himself upon Officer Petit's arrival. It showed that it was completely dark when Officer Petit arrived, save for the streetlamps that lined the street. The recording also evidenced the fact that Dalton Drive was a quiet, residential street.

{¶14} In addition to Officer Petit's testimony and his dashcam recording, the State asked the trial court to consider as substantive evidence the first trial court's determination that Mr. Breucker had improperly operated a snowmobile. Because Mr. Breucker had already been found guilty of improperly operating a snowmobile, the State argued, the trial court could rely on his minor misdemeanor conviction as support for the operation element of his OVI count. Over Mr. Breucker's objection, the court agreed to consider the first trial court's determination as evidence in support of Mr. Breucker's OVI count. It ultimately concluded, "[b]ased on the evidence presented before the Court today and based on [its] adoption of [the first trial court's] previous finding[,]" that Mr. Breucker was guilty of OVI.

{¶15} Mr. Breucker argues that his OVI conviction is based on insufficient evidence because Officer Petit merely had a "hunch" that he operated a snowmobile. He notes that the officer saw him pushing the snowmobile, not driving it, and there were no eyewitnesses who could testify that he drove it. Because the State failed to set forth any evidence that he operated the snowmobile, Mr. Breucker argues, his OVI conviction must be reversed.

{¶16} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded that the State proved, beyond a reasonable doubt, that Mr. Breucker operated the snowmobile. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. The State produced evidence that Officer Petit was dispatched to Mr. Breucker's street because a 911 caller

saw someone riding on a snowmobile collide with someone riding a dirt bike. Scratch marks along the street further supported the conclusion that a collision had occurred, so the only question was whether Mr. Breucker was the individual who was riding the snowmobile at the time. The State set forth evidence that Officer Petit quickly arrived on scene and found Mr. Breucker alone with the snowmobile. He did not see anyone else on Mr. Breucker's quiet, residential street. Moreover, Mr. Breucker was not forthcoming when the officer attempted to question him. He initially refused to identify himself and lied about rolling the snowmobile down the street from his house. He then attempted to blame someone else for riding the bike and claimed they had run off. Though there were no eyewitnesses available to identify Mr. Breucker as the operator of the snowmobile, it is well established that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value * * *." *Id.* at paragraph one of the syllabus. The location of the snowmobile, the brief passage of time in between the crash and Officer Petit's arrival, Mr. Breucker's status in relation to the snowmobile, his inconsistent statements, and the absence of any other individuals in the same area all served as circumstantial evidence of his operation. *See Zentner*, 2003-Ohio-2352, at ¶ 17-18; *Robertson* at ¶ 10. Viewing that evidence in light most favorable to the State, a rational trier of fact could have concluded that Mr. Breucker operated the snowmobile. Accordingly, he has not shown that his OVI conviction is based on insufficient evidence.

{¶17} Next, Mr. Breucker claims that his OVI conviction is against the manifest weight of the evidence. This Court has stated:

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "[W]hen reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a 'thirteenth juror,' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 5. This discretionary power "'should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten* at 340.

{¶18} Mr. Breucker relied on cross-examination rather than setting forth additional evidence in support of his defense. He argues that the trier of fact lost its way when it convicted him because he explained to Officer Petit that someone else had driven the snowmobile. According to Mr. Breucker, the State failed to set forth any evidence tending to show that he was untruthful in that regard. Because no one saw him driving the snowmobile and the State failed to refute his claim that someone else had driven it, Mr. Breucker argues, his OVI conviction is against the manifest weight of the evidence.

{¶19} Upon review, we cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice when it found that Mr. Breucker operated the snowmobile. *See id.* While Mr. Breucker claimed that a "mutual friend of a friend" had ridden the snowmobile, he changed his story several times. He initially denied that anyone had ridden the snowmobile and claimed to have pushed it down the street. He also initially claimed that he was alone and that no collision had occurred. As the trier of fact, the trial court was in the best position to determine his credibility, along with the credibility of Officer Petit. *See State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. This Court has repeatedly held that "[a] verdict is not against the manifest weight of the evidence because the finder of fact chose to believe the State's witnesses

rather than the defendant's version of the events." *State v. Martinez*, 9th Dist. Wayne No. 12CA0054, 2013-Ohio-3189, ¶ 16. Because Mr. Breucker has not shown that this is the exceptional case where the evidence weighs heavily against his conviction, we reject his argument to the contrary. *See Otten* at 340. His first assignment of error is overruled.

{¶20} Lastly, Mr. Breucker argues that the trial court abused its discretion when it relied on a prior judicial determination (i.e., that he improperly operated a snowmobile) as evidence in support of the operation element of his OVI count. Even assuming the trial court erred in that regard, however, the record reflects that its error was harmless beyond a reasonable doubt. *See Tillman*, 119 Ohio App.3d at 460; *Glass*, 1996 WL 659362, at *4. The trial court did not find Mr. Breucker guilty of operation based strictly on the prior judicial determination. The court specifically noted that its verdict also was based on the evidence presented at trial. Moreover, upon review of the record, this Court was able to conclude that the State set forth sufficient evidence of Mr. Breucker's guilt, independent of the prior judicial determination of operability. *See* Discussion, *supra*. Because any error in the admission of the prior determination was harmless beyond a reasonable doubt, "reversal [of Mr. Breucker's OVI conviction] is unwarranted." *Tillman* at 460. Mr. Breucker's second assignment of error is overruled.

III.

{¶21} Mr. Breucker's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶22} I respectfully dissent from the judgment of the majority as I would sustain Breucker's second assignment of error and remand the matter for a new trial. However, I agree that sufficient evidence supported Breucker's conviction.

{¶23} Here, the issue before the Court is one of issue preclusion. The State requested that the trial court conclude that the fact that Breucker was determined to have improperly operated a snowmobile in the previous trial was determinative as to that fact for purposes of the second OVI trial. The trial court agreed to adopt such a finding, and relied upon that finding in concluding that Breucker was guilty of OVI.

{¶24} "The doctrine of collateral estoppel, or, more correctly, issue preclusion, precludes further action on an identical issue that has been actually litigated and determined by a valid and final judgment as part of a prior action among the same parties or those in privity with those parties." *State v. Williams*, 76 Ohio St.3d 290, 294 (1996). "Essentially, collateral estoppel prevents parties from relitigating facts and issues that were fully litigated in a previous case." *The Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 44. In order for the doctrine to apply, "[t]he issues must have been determined by a final appealable order." *Id.* at ¶ 45, citing *Williams* at 294. Accordingly, "[t]he doctrine of collateral estoppel cannot be invoked when there is no final order." *The Glidden Co.* at ¶ 46. It is well settled that "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, ¶ 21.

{¶25} Here, even assuming I agreed that the State could utilize issue preclusion against a criminal defendant in the type of circumstances before the Court, the requirements for issue preclusion to apply were not met. The charges at issue were all part of the same case, and, at the time the State sought to apply issue preclusion, there was no final appealable order in the case as the OVI count was not resolved. Thus, the trial court erred in agreeing to apply issue preclusion in this matter. *See The Glidden Co.* at ¶ 46; *Williams* at 294.

{¶26} Further, I cannot say that the error is harmless. The State asked the trial court to rely upon the fact of Breucker's prior conviction as the basis of satisfying one of the elements of the OVI, and the trial court agreed to do so. There is nothing in the record that demonstrates that the trial court considered the trial evidence with respect to the operation of the snowmobile. Instead, the transcript evidences that the trial court solely relied upon the prior conviction to establish that Breucker operated the snowmobile. However, because the crime of OVI contains additional elements, the trial court necessarily had to consider the trial evidence to determine whether the remaining elements were satisfied. Thus, I cannot say that the trial court's reference to considering the other evidence presented indicates that it considered that evidence with respect to whether Breucker operated the snowmobile.

{¶27} Accordingly, I would sustain Breucker's second assignment of error, overrule his first assignment of error to the extent that he challenges the sufficiency of the evidence, and remand the matter for a new trial.

APPEARANCES:

MICHAEL T. CALLAHAN, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.