**[Cite as *State v. Chirdon*, 2021-Ohio-4598.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

STATE OF OHIO                                 C.A. No.        19CA0017-M

      Appellee

      v.                                         APPEAL FROM JUDGMENT
ENTERED IN THE

RAMONA CHIRDON                      WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO

      Appellant                             CASE No.       18TRC02684

DECISION AND JOURNAL ENTRY

Dated: December 30, 2021

CARR, Judge.

**{¶1}** Appellant, Ramona Chirdon, appeals the judgment of the Wadsworth Municipal Court. This Court reverses and remands.

I.

**{¶2}** On July 12, 2018, Chirdon was involved in a hit and run. When she called police to report the incident, she was advised to come to the police station in Wadsworth. During the course of her exchange with Sergeant Dan Chafin in the parking lot of the police station, Chirdon acknowledged having a drink earlier in the day. Sergeant Chafin administered a series of divided attention tests and field sobriety tests. Chirdon submitted to a breathalyzer test and blew under the legal limit at 0.06. Chirdon was ultimately charged with one count of operating a vehicle while under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19(A)(1)(a).

**{¶3}** Chirdon initially entered a plea of no contest at arraignment. When it became clear during a subsequent court appearance that Chirdon had questions about the nature of the

charge against her, however, the trial court permitted Chirdon to seek the assistance of counsel. After securing counsel, Chirdon successfully moved to withdraw her no contest plea and the matter was set for trial. After a bench trial, the trial court found Chirdon guilty of OVI. The trial court imposed a 30-day jail sentence, 27 days of which were suspended on the condition that Chirdon successfully complete a one-year term of probation. The trial court also imposed a one-year driver's license suspension as well as a $475 fine.

{¶4} On appeal, Chirdon raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

CHIRDON'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS [A] MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} In her first assignment of error, Chirdon contends that her OVI conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. In regard to her sufficiency challenge, Chirdon maintains that there was no evidence presented at trial demonstrating that she drove herself to the police station or that at any point she operated a vehicle while under the influence of alcohol or drugs. This Court agrees.

{¶6} Chirdon was convicted of one count of OVI in violation of R.C. 4511.19(A)(1)(a), which states, "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." The term "[o]perate" means "to cause or have caused movement of a vehicle, streetcar, or trackless trolley." R.C. 4511.01(HHH). "Chronology is an important element in 'drunken driving' cases. A relationship must be established between the

time there was evidence to show the influence of intoxicants and the time of operating a vehicle." *Mentor v. Giordano*, 9 Ohio St.2d 140, 146 (1967).

{¶7} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶8} Sergeant Dan Chafin of the Wadsworth Police Department was the sole witness to testify on behalf of the State at trial. Due to a technological issue with the audio recording of the trial, the transcript begins part way through Sergeant Chafin's testimony. Accordingly, Chirdon filed a statement of proceedings pursuant to App.R. 9(C) in regard what transpired at trial prior to the point where the transcript picks up Sergeant Chafin's testimony. In reviewing the proposed statements of proceedings submitted by the parties, the trial court noted that the only portion of the transcript missing was "routine background questions by the prosecuting attorney to [Sergeant Chafin]." The trial court issued a journal entry accepting the State's proposed statement of proceedings in its entirety due to the fact that it was more thorough and largely not in conflict with the defendant's proposed statement.

{¶9} On July 12, 2018, Chirdon was involved in a hit and run. The incident involved a truck that she was driving and occurred in a Save-a-Lot Store parking lot. When Chirdon called

the Wadsworth Police Department to report the incident, she was advised to come to the police station to make a report. Chirdon arrived at the police station that evening and spoke with Sergeant Chafin in the parking lot. Chirdon indicated that she was experiencing a high level of anxiety due to the accident. She also stated that her husband was very upset about the accident. Sergeant Chafin photographed the truck and took Chirdon's license and insurance information.

{¶10} While Sergeant Chafin was speaking with Chirdon, he noticed a "[m]oderate" odor of alcohol on her breath. Chirdon stated that she had consumed one vodka and apple juice about four hours earlier. Sergeant Chafin was suspicious of Chirdon's claim that she only had one drink. Sergeant Chafin initially performed two divided attention tests. When Sergeant Chafin asked Chirdon if she was taking any medication, Chirdon indicated that she took an antianxiety medication called Vistaril. Sergeant Chafin proceeded to administer three field sobriety tests, namely the Horizontal Gaze Nystagmus ("HGN") test, the walk-and-turn test, and the one-leg stand test. Based on Chirdon's performance on the aforementioned tests, as well as his observations up to that point, Sergeant Chafin placed Chirdon under arrest.

{¶11} Under these circumstances, we are compelled to sustain Chirdon's assignment of error. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The State points to the statement of proceedings and argues that there was circumstantial evidence that Chirdon drove the truck to the police station, and thus operated the vehicle. This Court has held that "[c]ircumstantial evidence from which a trier of fact may infer operation includes the location of the vehicle, a defendant's status in relation to the vehicle, and the absence of other individuals in the same area." *State v. Breucker*, 9th Dist. Medina No. 18CA0105-M, 2021-Ohio-31, ¶ 10. This case does not involve

the proverbial scenario where the defendant was found alone in a parked vehicle and there is a definitive absence of other individuals in the same area. *See State v. Zentner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 18. According to the statement of proceedings, Sergeant Chafin testified that he came into contact with Chirdon in the parking lot of the police station. Sergeant Chafin did not testify that he observed Chirdon drive into the parking lot, nor did he indicate whether he asked if she drove to the police station. Chirdon did not admit to driving to the police station. There is nothing in the statement of proceedings indicating whether there were any witnesses who observed the truck entering the parking lot. The record is silent as to whether Chirdon was alone when she arrived at the police station. Furthermore, there is no indication in the record as to the amount of time that elapsed between the time the truck arrived at the police station and the time that Sergeant Chafin made contact with Chirdon. Under these circumstances, we cannot say that the State presented evidence demonstrating that Chirdon operated the vehicle for the purposes of R.C. 4511.19(A)(1)(a).

{¶12} Chirdon's first assignment of error is sustained to the extent that she challenges the sufficiency of the evidence. Accordingly, this Court declines to address her manifest weight challenge.

**ASSIGNMENT OF ERROR II**

CHIRDON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶13} In her second assignment of error, Chirdon maintains that trial counsel rendered ineffective assistance. As this Court's resolution of Chirdon's first assignment of error is dispositive of this appeal, we decline to address Chirdon's ineffective assistance argument as it has been rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶14} Chirdon's first assignment of error is sustained. This Court declines to address Chirdon's second assignment of error as it has been rendered moot. The judgment of the Wadsworth Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CONCURS.

TEODOSIO, J.
DISSENTING.

{¶15} I must respectfully dissent from the majority opinion because I believe the State presented enough circumstantial evidence that Ms. Chirdon operated her vehicle to survive a challenge to the sufficiency of the evidence.

{¶16} "'In cases where the operability of the vehicle is disputed, the key issue is whether there was evidence that defendant drove or was in actual physical control of the vehicle while [she] had the requisite concentration of alcohol in [her] system.'" *State v. Payne*, 9th Dist. Lorain No. 18CA011383, 2019-Ohio-4218, ¶ 14, quoting *Metroparks v. Pannent*, 8th Dist. Cuyahoga No. 74448, 1999 WL 754500, *3 (Sept. 23, 1999). The State is permitted to demonstrate operation of the vehicle by offering direct or circumstantial evidence that the accused was either presently causing the vehicle to move or had caused it to move in the past. *Id.* at ¶ 13.

{¶17} The statement of proceedings in this case reflects that Sergeant Chafin testified as to Ms. Chirdon calling the police, being advised to come to the police station, and then coming to the police station. It also states that Sergeant Chafin testified that he spoke with Ms. Chirdon in the parking lot and then photographed her vehicle.

{¶18} When reviewing the State's evidence for sufficiency, this Court must view it in a light most favorable to the prosecution. *See State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When viewing the evidence under this deferential standard of review, I would conclude that the State presented sufficient circumstantial evidence, if believed, to allow a

rational trier of fact to find beyond a reasonable doubt that Ms. Chirdon operated her vehicle by driving it to the police station.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

THOMAS MORRIS, Director of Law, and BRADLEY J. PROUDFOOT, Assistant Director of Law, for Appellee.