[Cite as *State v. Mahoney*, 2022-Ohio-3475.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    30200 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICAH D. MAHONEY | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    21TRC01237 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

CALLAHAN, Judge.

{¶1}    Appellant, Micah Mahoney, appeals an order of the Barberton Municipal Court that denied his motion to suppress.  This Court affirms.

I.

{¶2}    On March 7, 2021, a Copley police officer noted that there was a car parked in an intersection with the engine running and that the driver appeared to be asleep at the wheel.[1]  After attempting to wake the driver by pounding on the driver's side door, the officer forced the door open with the assistance of other officers who had then arrived at the scene.  They noted that the driver, Mr. Mahoney, appeared to be intoxicated.  They transported him to the Bath Police Department, where he consented to a breath test, which was conducted at 6:39 a.m.  The results of the test indicated that the level of alcohol in Mr. Mahoney's breath was higher than the legal limit.

---

[1] Mr. Mahoney did not request a transcript of proceedings as part of the record.  This Court's statement of the facts surrounding the incident is taken from the trial court's findings of fact, which Mr. Mahoney has not challenged.

{¶3} Mr. Mahoney was charged with operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and operating a vehicle with a prohibited concentration of alcohol in his breath in violation of R.C. 4511.19(A)(1)(h). Mr. Mahoney moved to suppress all of the evidence gained by the State as a result of the stop and subsequent breathalyzer test, arguing, in part, that the officer did not substantially comply with the requirements of the Ohio Administrative Code and R.C. 4511.19(D)(1)(b). The trial court denied the motion to suppress, concluding, with respect to Mr. Mahoney's argument regarding compliance with R.C. 4511.19(D)(1)(b), that Mr. Mahoney was operating his vehicle at the time he was discovered and the breathalyzer test was administered approximately one hour later.

{¶4} Mr. Mahoney pleaded no contest to violating R.C. 4511.19(A)(1)(h), and the remaining charge was dismissed. The trial court sentenced him to 180 days in the Summit County Jail with 174 days suspended and the remainder to be served in a driving intervention program. The trial court also fined him $375 and suspended his driver's license for one year. Mr. Mahoney filed this appeal.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING MR. MAHONEY'S MOTION TO SUPPRESS WHEN IT DEFINED THE TERM "OPERATE" INCORRECTLY BASED ON OUTDATED [CASELAW].

{¶5} Mr. Mahoney's single assignment of error argues that the trial court erred by concluding that he was operating a motor vehicle and, consequently, that his breathalyzer sample was taken within three hours of the offense.

{¶6} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The

trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id*.; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court then accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶7} This Court has recognized that an appellant must include a transcript of proceedings in the record when asserting that a finding of fact is unsupported by the evidence. *See State v. Pappas*, 9th Dist. Summit No. 29839, 2021-Ohio-2915, ¶ 10, quoting *Macedonia v. Ewing*, 9th Dist. Summit No. 23344, 2007-Ohio-2194, ¶ 6-8, and citing App.R. 9(B)(4). This is because "[w]hen portions of the transcript *necessary for resolution of assigned errors* are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Emphasis added.) *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Mr. Mahoney's assignment of error, however, presents only a legal question, and this Court must accept the trial court's findings of fact as true. *See Burnside* at ¶ 8. Because the transcript of proceedings is not necessary to resolve Mr. Mahoney's assignment of error, this Court proceeds to consider the merits of his argument.

{¶8} R.C. 4511.19(D)(1)(b) provides that "[i]n any criminal prosecution * * * for a violation of division (A) or (B) of this section * * * the court may admit evidence on the concentration of alcohol * * * in the defendant's * * * breath * * * as shown by chemical analysis of the substance withdrawn within three hours of the time of the alleged violation." Mr. Mahoney was charged with violating R.C. 4511.19(A)(1)(a), which prohibits operating a vehicle "if, at the time of the operation, * * * [t]he person is under the influence of alcohol * * *[.]" He was also charged with violating R.C. 4511.19(A)(1)(h), which prohibits operating a vehicle "if, at the time of the operation," the driver has a prohibited concentration of alcohol in his breath. To "operate" a motor vehicle for purposes of R.C. 4511.19(A) "means to cause or have caused movement" of the vehicle. R.C. 4511.01(HHH).[2] "'The statute "employs both the present tense ('to cause') and the past tense ('to have caused') in relation to the movement of a vehicle."'" *State v. Payne*, 9th Dist. Lorain No. 18CA011383, 2019-Ohio-4218, ¶ 13, quoting *State v. Wayman*, 12th Dist. Clermont Nos. CA2018-06-045, CA2018-06-046, 2019-Ohio-1194, ¶ 18, quoting *State v. Anderson*, 1st Dist. Hamilton No. C-160920, 2017-Ohio-8641, ¶ 16.

{¶9} Whether an individual was operating a vehicle within the meaning of R.C. 4511.01(HHH) can be determined with reference to circumstantial evidence including "the location of the vehicle, a defendant's status in relation to the vehicle, and the absence of other individuals in the same area." *State v. Breucker*, 9th Dist. Medina No. 18CA0105-M, 2021-Ohio-31, ¶ 10. Applying this standard, this Court has determined that a defendant was operating

---

[2] R.C. 4511.01 was amended effective April 15, 2021. The amendment did not result in a change to the definition set forth in R.C. 4511.01(HHH).

a vehicle when, after a report of a collision between a dirt bike and a snowmobile, the defendant was found alone in the vicinity, bearing the strong odor of alcohol and pushing a snowmobile on a road. *Id.* at ¶ 12, 16. This Court has also noted, on several occasions, that "this definition of operate is satisfied where the defendant was 'in the driver's position in the front seat of the vehicle with the key in the ignition and the engine running[.]'" *State v. Jamison*, 9th Dist. Summit No. 27664, 2016-Ohio-5122, ¶ 33, quoting *State v. Robertson*, 9th Dist. Lorain No. 13CA010395, 2014-Ohio-5389, ¶ 10.

{¶10} In this case, the trial court found that the officer discovered Mr. Mahoney asleep in his vehicle, which was stopped in the middle of an intersection with the engine still running. Mr. Mahoney was the sole occupant. In considering whether Mr. Mahoney was operating the vehicle when he was discovered, the trial court referenced the definition of "operate" set forth in R.C. 4511.01(HHH), but observed that "[t]he Ninth District and other Ohio courts have held that a Defendant is operating a vehicle if the vehicle is running, in park, and capable of movement." Citing *State v. Turk*, 70 Ohio App.3d 224 (9th Dist.1990), the trial court also noted that "a defendant was 'operating a motor vehicle when he was found asleep in a motor vehicle, lying across the front seat, with his legs on the driver's side and the engine running.'"

{¶11} *Turk*, however, was decided before the adoption of the definition of "operate" set forth in R.C. 4511.01(HHH) and applied a different definition of "operate." To the extent that the trial court's decision relied upon *Turk* instead of R.C. 4511.01(HHH), the trial court erred. Nonetheless, the facts of this case are sufficient to demonstrate that Mr. Mahoney caused or had caused movement, as required by R.C. 4511.01(HHH). *See*, *e.g.*, *Breucker* at ¶ 10; *Jamison* at ¶ 33. *See also State v. Fuqua*, 1st Dist. Hamilton Nos. C-210385, C-210386, 2022-Ohio-1952, ¶ 29 (summarizing the application of R.C. 4511.01(HHH) "[i]n OVI cases involving defendants who

were passed out or sleeping in the driver's seats of their vehicles * * * where the vehicles were running and the vehicles were either in the roadway or halfway on the roadway and halfway on a lawn.").[3]

{¶12} Consequently, the trial court did not err by determining that Mr. Mahoney was operating a motor vehicle within the meaning of R.C. 4511.01(HHH) when he was discovered, and, consequently, that his breath sample was taken approximately one hour later.

{¶13} The trial court did not err by denying Mr. Mahoney's motion to suppress. Mr. Mahoney's assignment of error is overruled.

### III.

{¶14} Mr. Mahoney's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[3] In *State v. Wilson*, Slip Opinion No. 2022-Ohio-3202, the Supreme Court of Ohio interpreted the meaning of the term "operate" for purposes of a different offense, concluding that a defendant who was found asleep in the driver's seat of a parked, running vehicle that held three passengers had not operated a motor vehicle upon a public road for purposes of R.C. 4510.14(A). It is unclear to what extent *Wilson* narrowed the Court's interpretation of R.C. 4511.01(HHH), which was "relevant[,]" but not controlling upon that case. *See Wilson* at ¶ 18. Regardless, however, this case is distinguishable from *Wilson* because Mr. Mahoney was found alone in his vehicle in the middle of an intersection—circumstantial evidence from which movement can be readily inferred.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶15} Mr. Mahoney did not raise the issue he has argued to this Court in his written motion to suppress and the record does not contain a transcript of the hearing on that motion. Consequently, Mr. Mahoney has not established that he preserved his argument for appeal. *State v. Lee*, 9th Dist. Summit No. 29597, 2020-Ohio-4970, ¶ 15; *State v. Nestor*, 9th Dist. Summit No. 27800, 2016-Ohio-1333, ¶ 18. I concur with the Court's judgment because, even though I would not address the merits of Mr. Mahoney's argument, I agree that the municipal court's judgment must be affirmed.

APPEARANCES:

JONATHAN T. SINN, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Attorney at Law, for Appellee.